**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

VINCENT VILLA and CINDI LOU-VILLA,

Plaintiffs,

vs.

POWAY UNIFIED SCHOOL DISTRICT,

Defendant.

CASE NO. 09CV2229MMA (CAB)

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

[Doc. No. 19]

Defendant Poway Unified School District ("Defendant") moves to dismiss Plaintiffs' First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 12.) Plaintiffs Vincent Villa and Cindi Lou-Villa ("Plaintiffs") oppose the motion. (Doc. No. 16.) Having considered the parties' submissions, for the following reasons, the Court **GRANTS** Defendant's motion to dismiss.

**BACKGROUND**

This action arises out of Plaintiffs' claim to recover attorney's fees under Section 1415(i)(3)(B) of the Individuals with Disabilities Education Improvement Act ("IDEA"). Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations of the complaint in question. *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976).

From August 2002 to June 2006, Plaintiff Vincent Villa ("Vincent") was a high school student in Poway Unified School District ("District"). (*FAC* at ¶ 18.) Due to a significant learning disability,

Villa qualified for special education services under the federal statute, IDEA. IDEA helps students with disabilities obtain a free and appropriate public education ("FAPE") specific to their needs through Individualized Educational Programs ("IEPs"). 20 U.S.C. § 1400(d); 20 U.S.C. § 1414(d). In 2006, Plaintiff Cindi Lou-Villa, Villa's mother, filed a complaint with the Office of Administrative Hearings ("OAH") alleging that the District denied Vincent a FAPE and requesting an impartial due process hearing before the OAH. (*FAC* at ¶¶ 18–19.) After a six-day due process hearing, from February 21 to March 1, 2006, the administrative law judge ("ALJ") found that the District denied Vincent a FAPE education. (*Id.* at ¶ 20.) On July 14, 2006, the ALJ issued a judgment designating Plaintiffs as the prevailing party on all substantive issues and ordering Defendant to reimburse Plaintiffs for denying Vincent a FAPE throughout his high school years. (*Id.* at ¶ 21.)

Plaintiffs filed this independent action pursuant to Section 1415(i)(3)(B) of the IDEA to recover attorney's fees and related costs incurred during the 2006 due process hearing. Plaintiffs first filed a complaint to recover these fees on October 8, 2009. (Doc. No. 1.) Plaintiffs subsequently amended their complaint on February 8, 2010. (Doc. No. 4.) Defendant filed its motion to dismiss Plaintiffs' First Amended Complaint on March 25, 2010. (Doc. No. 12.)

## LEGAL STANDARD

A complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Notwithstanding this deference, the reviewing court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009). Moreover, it is improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). Accordingly, a reviewing court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft*, *supra*, 129 S. Ct. at 1950.

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* A claim has "facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

**DISCUSSION**

In their FAC, Plaintiffs claim attorney's fees and related costs in the amount of $118,690.60 pursuant to Section 1415(i)(3)(B) of IDEA and section 56507(d) of the California Education Code. (*FAC* at 6:6–11.) Plaintiffs allege that as the prevailing party in their administrative due process hearing, Section 1415(i)(3)(B) allows them to recover reasonable attorney's fees and related costs incurred during the due process proceeding in 2006. (*Id*. at ¶ 20.) Defendant does not dispute that Plaintiff was the prevailing party in the due process hearing. Rather, Defendant argues that Plaintiffs cannot recover attorney's fees because their action is time-barred by the statute of limitations governing Section 1415(i)(3)(B). For the following reasons, the Court agrees with Defendant and finds that Plaintiffs' action is untimely.

Pursuant to Section 1415(i)(3), a district court may award attorney's fees to "the parent of a child with a disability" who is a "prevailing party" "in any action or proceeding brought under this section." 20 U.S.C. 1415(i)(3); *Lucht v. Molalla River Sch. Dist.*, 225 F.3d 1023, 1026 (9th Cir. 2000). An administrative due process hearing is an "action or proceeding" brought under Section 1415 of the IDEA. 10 U.S.C. 1415(b)(6). Therefore, a parent is eligible to recover attorney's fees if he or she prevailed in the due process proceeding. S*ee P.N. v. Seattle Sch. Dist.*, 474 F.3d 1165, 1167 (9th Cir. 2007). In California, section 56507(d) of the California Education Code "simplifies the inquiry into whether a party has prevailed by requiring the HO [hearing officer] in an administrative due process hearing to designate the prevailing party for each issue on which a decision was rendered." *Miller v. San Mateo-Foster City Unified Sch. Dist.*, 318 F. Supp. 2d 851, 863–64 (N.D. Cal. 2004); Cal. Educ. Code § 56507(d).

Parents, however, are not entitled to recovery under Section 1415(i)(3)(B) of the IDEA and

section 56507(d) of the California Education Code, unless they file their complaint within the governing statute of limitations period. The IDEA does not specify a limitations period for a suit to recover attorney's fees under Section 1415(i)(3)(B). *Ostby v. Oxnard Union High*, 209 F. Supp. 2d 1035, 1042 (C.D. Cal. 2002). When a federal statute is silent as to the statute of limitations, the Court "'must determine the most closely analogous state statute of limitations' and apply that statute 'unless it would undermine the policies underlying the IDEA.'" *S.V. v. Sherwood Sch. Dist*., 254 F.3d 877, 879 (9th Cir. 2001) (quoting *Livingston Sch. Dist. v. Keenan*, 82 F.3d 912, 915 (9th Cir. 1996)). Although the Court of Appeals for the Ninth Circuit has not addressed which California statute of limitations should be applied to an action under Section 1415(i)(3)(B), at least one federal district court in California has found that the most analogous state limitations period is three years under section 338(a) of the California Civil Code. *Ostby*, 209 F. Supp. 2d at 1045. Additionally, neither party challenges a three-year limitations period for the recovery of attorney's fees under Section 1415(i)(3)(B).

Applying a three-year statute of limitations in this case, the only remaining issue before the Court is when the three-year period begins to run. If the statute of limitations begins to run at the date of the hearing officer's decision in the due process hearing, as Defendant contends, Plaintiffs' action is time-barred. However, if the statute begins to run at the conclusion of the 90-day period to appeal the administrative decision, as Plaintiffs argue, the complaint is timely. Although other circuits have addressed when the statute of limitations begins to run for Section 1415(i)(3)(B) claims, the Ninth Circuit has not yet addressed the issue.

Plaintiffs argue that the Court should adopt the reasoning of the Seventh Circuit and find that the statute of limitations begins to run when the period to appeal the due process decision expires. *McCartney C. v. Herrin Community Unit School Dist. No. 4*, 21 F.3d 173, 175 (7th Cir. 1994). In the Seventh Circuit, "the statute of limitations for a claim for attorneys' fees under the IDEA does not begin to run until the 'decision in the [parents'] favor becomes final,' which occurs either when the time for the district to administratively challenge the decision expires or, if the district proceeds with a judicial challenge, until 120 days after exhaustion of judicial remedies." *Justin B. v. Laraway Cmty. Consol. Schl Dist. 70C*, 2004 U.S. Dist. LEXIS 14272, at *5-6 (D. Ill. 2004) (quoting *McCartney C.*,

21 F.3d at 175).

In *McCartney C.*, the parties had 120 days to appeal the due process judgment, and the prevailing parent had 120 days to file a separate action for attorney's fees. *McCartney C.*, 21 F.3d at 174–75. Because the statute of limitations periods for filing a substantive appeal and an action to recover attorney's fees were the same in *McCartney C.*, the Seventh Circuit reasoned that the two periods should not run concurrently, or the courts and litigants would be "burdened with a blizzard of protective suits filed before the plaintiff knows whether he has even the ghost of a chance of obtaining relief." *Id*. at 176. Hence, the Seventh Circuit found that until judicial remedies are exhausted or the period to appeal expires, a parent does not know whether he or she is a "prevailing party" under Section 1415(i)(3)(B), and it would be inefficient for the statute of limitations for attorney's fees to run concurrently with the period to appeal. *See id.* at 175.

Plaintiffs fail to recognize in their submission to the Court that the limitations periods under California law are different than those considered by the Seventh Circuit. Pursuant to California law, parties have 90 days to appeal an administrative due process decision and, as previously discussed, three years to file an action to recover attorney's fees. *K.C. v. Upland Unified Sch. Dist.*, 2008 U.S. Dist. LEXIS 110388, at *10 (C.D. Cal. Oct. 7, 2008) (applying a 90-day limitations period pursuant to California Education Code § 56505 ); *Ostby*, 209 F. Supp. 2d at 1042 (applying a three-year limitations period pursuant to California Civil Code § 338(a)). In choosing a longer limitations period for Section(i)(3)(B) claims, district courts in the Ninth Circuit aim to "promote the policy embodied in the IDEA of protecting the parents' right to be represented by counsel in seeking an appropriate education for their child." *Ostby*, 209 F. Supp. 2d at 1044. While a shorter limitations period is appropriate for a substantive appeal, the same limitations period is "too short to vindicate the underlying federal policies associated with the fee-claims provisions of the IDEA." *Brandon E. v. Dep't of Educ.*, 621 F. Supp. 2d 1013, 1017 (D. Haw. 2008) (quoting *Zipperer v. Sch. Bd. of Seminole County*, 111 F.3d 847, 851 (11th Cir. 1997)) (applying a two-year limitations period to Section 1415(i)(3)(B) under Hawaii law). While it may be necessary in the Seventh Circuit for the statute of limitations for attorney's fees to begin after the substantive appeal period expires to satisfy the policy behind Section 1415(i)(3)(B) of the IDEA, the same reasoning does not apply where the statute of

limitations and time for appeal differ in length. Applying California statutes of limitations, when the periods run concurrently, the prevailing parent still has an ample amount of time—2 years and 275 days—to file an action for attorney's fees after the 90-day period to appeal expires. The Seventh Circuit's findings are not binding in this Circuit, and given the differences between the statute of limitations for an appeals period and an attorney's fees action in the Seventh and Ninth Circuits, the Court does not find the Seventh Circuit's reasoning persuasive when applying California's statutes of limitations to the IDEA.

In this case, the ALJ issued a decision in Plaintiffs' due process hearing on July 14, 2006. Neither party appealed the ALJ's judgment. Plaintiffs filed their original complaint to recover attorney's fees incurred in the administrative proceeding on October 8, 2009— three years and eighty-six days after the due process decision was issued. Plaintiff's complaint is time-barred by the three year limitations period applied to Section 1415(i)(3)(B) claims. Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiffs' FAC with prejudice.

**IT IS SO ORDERED**.

DATED: July 9, 2010

Hon. Michael M. Anello
United States District Judge